**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **YOLANDA BELL**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-1498 (RC) |
| ) | |
| **UNITED STATES OF AMERICA,** *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MOTION TO DISMISS

Defendants, the United States of America and Secretary of Defense John Mattis, by and through counsel, respectfully move this Court for an order dismissing the Complaint as to Defendants on grounds that there is a lack of subject matter jurisdiction, there is improper venue, and Plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(1), (3), (6).  In the alternative, Defendants move to transfer this case to another judicial district where venue may be proper for the age and disability discrimination and retaliation claims.  Defendants respectfully refer the Court to the attached memorandum of points and authorities.  A proposed order is attached.

        Respectfully submitted,

        JESSIE K. LIU, D.C. Bar. No. 472845
        United States Attorney

        DANIEL F. VAN HORN, D.C. Bar #924092
        Chief, Civil Division

By: /s/ *Denise M. Clark*
Denise M. Clark, D.C. Bar No. 479149
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-6605
Email: Denise.Clark@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **YOLANDA BELL**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-1498 (RC) |
| | ) |
| **UNITED STATES OF AMERICA**, *et. al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................................. 1
II.  FACTUAL BACKGROUND ................................................................................................. 2
III. STANDARDS OF REVIEW .................................................................................................. 3
     A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction. ................................ 3
     B.  Motion to Dismiss or Transfer for Lack of Venue ................................................ 4
     C.  Motion to Dismiss for Failure to State a Claim ..................................................... 5
IV.  ARGUMENT .......................................................................................................................... 6
     A.  There Is No Subject Matter Jurisdiction over Plaintiff's Whistleblower Claim..... 6
     B.  Plaintiff's § 1983 Is Barred By the Doctrine of Sovereign Immunity. ................... 8
     C.  Plaintiff's Complaint Fails to Plead a *Bivens* Claim. ............................................. 9
     D.  This District Is An Improper Venue for Plaintiff's Rehabilitation Act Claims. .... 10
     E.  Venue for the ADEA Claims Is Proper In Virginia. ............................................. 11
     F.  The Remedy for Improper Venue is Dismissal or Transfer. ................................. 12
V.   CONCLUSION ..................................................................................................................... 13

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **YOLANDA BELL**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-1498 (RC) |
| | ) |
| **UNITED STATES OF AMERICA**, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants, the United States of America and Secretary of Defense John Mattis, by undersigned counsel, respectfully submit this memorandum of points and authorities in support of its motion to dismiss and moves this Court for an order dismissing the Complaint on the grounds that there is a lack of subject matter jurisdiction, there is improper venue, and Plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (3), (6). In the alternative, if Plaintiff's disability claims are not dismissed, they along with her age claims should be transferred to Virginia where venue is proper for both types of claims.

**I. INTRODUCTION**

Plaintiff appears to bring this action against Defendants the United States of America and Secretary of Defense John Mattis[1] asserting that she suffered age and disability discrimination as well as reprisal when she was not selected for a position for which she had applied. Complaint

---

[1] The only proper defendant for Plaintiff's disability and age claims is the head of the department or agency being sued. *Wilson v. Dep't of Transp.*, 759 F. Supp. 2d 55, 67 (D.D.C. 2011); *Webster v. Spencer*, 318 F. Supp. 3d 313, 319 (D.D.C. 2018) (finding proper defendant was head of the department or agency being sued with respect to ADEA claims); *Morrison v. Nielsen*, 325 F. Supp. 3d 62, 68 (D.D.C. 2018) (finding proper defendant was head of the department or agency being sued for Rehabilitation Act claims).

("Compl.") 1-2.  Plaintiff contends that her non-selection violated various statutes including 42 U.S.C. § 1983; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 631 *et al.*; the Rehabilitation Act, 29 U.S.C. § 791; and the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302. Complaint ("Compl.") 1.  With respect to Plaintiff's WPA reprisal and Section 1983 claims, they should be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Plaintiff's Section 1983 claim is also unavailing because she fails to state a claim upon which relief can be given. Fed. R. Civ. 12(b)(6).  Her Rehabilitation Act claims should be dismissed or transferred because venue is improper in this district. Fed. R.Civ. P. 12 (b)(3).  Finally, in the interest of justice, the ADEA claims should be transferred to Virginia, where venue is appropriate for both the Rehabilitation and ADEA claims.

## II.     FACTUAL BACKGROUND

Plaintiff, who was a former employee of the Department of Defense, Defense Logistics Agency ("DLA") at the relevant time, applied for a Contract Specialist position with DLA in its Hawaii location.  Compl. 2-3; Declaration of Sheri L. Cornute ("Cornute Decl.), attached hereto as Exhibit 1, ¶¶ 4, 9.  In applying for the position, Plaintiff used a Virginia address.  Cornute Decl. ¶ 10.  Sheri L. Cornute, a Lead Human Resources Specialist with DLA's Human Resources Services, was responsible for posting the position[2] and reviewing the applications once applicants successfully completed the Supervisory Situational Judgment Test ("SSJT"), which was required by the vacancy announcement for the position.  Cornute Decl. ¶¶ 6, 7.  Although DLA is headquartered in Virginia, Ms. Cornute worked in DLA's Columbus, Ohio location.  Cornute Decl. ¶¶ 2, 3.  The Office of Personnel Management ("OPM"), through its automated USA Staffing

---

[2] The vacancy number for the position was DLALndMartm-15-1525648-MP.  Compl. 2-3; Cornute Decl. ¶ 4.

2

system, was responsible for scoring the SSJT and forwarding a list of candidates who successfully completed the SSJT to DLA.  Cornute Decl. ¶ 8.  The servers for that system are located in Macon, Georgia. Cornute Decl. ¶ 5.   Plaintiff was not on the list forwarded by OPM; instead, OPM's USA Staffing system included the code "IM" for Plaintiff's application, which was the code used for applicants who had not completed the SSJT assessment.  Cornute Decl. ¶ 11.  Ms. Cornute notified Ms. Bell and all other candidates who received the code "IM" of their non-selection for the position. Cornute Decl. ¶ 13.

## III.   STANDARDS OF REVIEW

### A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction.

To survive a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1), a plaintiff must establish that the court has jurisdiction by a preponderance of the evidence.  *Lujan v. Defenders of Wildlife*, 204 U.S. 555, 561 (1992).  Because a federal court may only hear a claim over which it has subject matter jurisdiction, "the court must scrutinize the plaintiff's allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6)." *Johnson v. Paragon Sys.*, 395 F. Supp. 3d 139, 143–144 (D.D.C. 2018) (quoting *Schmidt v. U.S. Capitol Police Bd.*, 826 F.Supp.2d 59, 65 (D.D.C. 2011)). A court considering a Rule 12(b)(1) motion must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged.'"  *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).  However, "the district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."  *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).  When presented with Rules 12(b)(1) and Rule

12(b)(6) motions to dismiss, the Rule 12(b)(1) motion should be considered first because "[o]nce a court determines that it lacks subject matter jurisdiction, it can proceed no further." *Ctr. for Biological Diversity v. Jackson*, 815 F. Supp. 2d 85, 90 (D.D.C. 2011) (citations and internal quotation marks omitted).

      **B.**    **Motion to Dismiss or Transfer for Lack of Venue**

A motion to dismiss for lack of venue is governed by Rule 12(b)(3) and 28 U.S.C. § 1406(a), which "instruct[] the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum." *Sanchez ex rel. Rivera-Sanchez v. United States*, 600 F. Supp. 2d 19, 21 (D.D.C. 2009); *see also Black v. City of Newark*, 535 F. Supp. 2d 163, 166 (D.D.C. 2008) ("Under Federal Rule of Civil Procedure 12(b)(3), a defendant may, at the lawsuit's outset, test whether the plaintiff has brought the case in a venue that the law deems appropriate.") (citation and quotation omitted). If the district in which the action is brought does not satisfy the relevant venue requirements, a court may, in an exercise of its discretion, dismiss the action. *See Davis v. Am. Soc'y of Civil Eng'rs*, 290 F. Supp. 2d 116, 120 (D.D.C. 2003). Alternatively, a court may transfer the action to a more suitable venue "if it be in the interest of justice." *Id.* (quoting 28 U.S.C. § 1406(a)).

The Court can transfer this case to "any other district or division where it might have been brought" for the "convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In analyzing the propriety of a motion to transfer, a court must first determine whether the action could have been brought in the district to which transfer is sought. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

    "When 'considering a Rule 12(b)(3) motion [to dismiss for improper venue], the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable

inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Daniels v. Wilkie,* No. 17-1543 (RC), 2018 WL 2324085, at *2 (D.D.C. 2018) (internal citations omitted); *see also Abraham v. Burwell*, 110 F. Supp. 3d 25, 28 (D.D.C. 2015). The Court need not accept plaintiff's legal conclusions as true.  *Id.*

Although the party challenging venue must provide sufficient facts to put the plaintiff on notice that venue is defective, "the burden remains on the plaintiff to establish that venue is proper since it is the plaintiff's obligation to institute the action in a permissible forum." *Daniels*, 2018 WL 2324085, at *2 (citations omitted); *see Prescott-Harris v. Fanning*, No. 15-1716 (RC), 2016 WL 7223276, at *6 (D.D.C. Dec. 12, 2016).  In deciding this issue, the court may rely on the complaint, "or as necessary, examine facts outside the complaint that are presented by the parties, while drawing reasonable inferences in favor of the plaintiff."  *Daniels*, 2018 WL 2324085, at *2.

      **C.**      **Motion to Dismiss for Failure to State a Claim**

To survive a motion to dismiss Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint consisting of "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," is subject to dismissal under Rule 12(b)(6).  *Iqbal*, 556 U.S. at 678. The facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or must be sufficient "to state a claim for relief that is plausible on its face."  *Id.* at 570.  A pleading must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  Courts construe factual allegations in the complaint in the light most favorable to the pleader, and grant the pleader the benefit of all reasonable inferences

5

that can be derived from the facts as alleged in the complaint. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Courts need not, however, accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint, nor should they "accept legal conclusions cast in the form of factual allegations." *Kowal*, 16 F.3d at 1276.

Finally, while the Court generally should not consider matters beyond the pleadings without converting the motion to one for summary judgment, *see* Fed. R. Civ. P. 12(d), the Court need not convert a Rule 12(b)(6) motion to dismiss if it "confine[s] its analysis 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated into the complaint by reference . . . and to matters of which judicial notice may be taken.'" *See Rattigan v. Gonzales*, 503 F. Supp. 2d 56, 67 n.5 (D.D.C 2007) (citation omitted) (employment discrimination case).

## IV.   ARGUMENT

### A.   There Is No Subject Matter Jurisdiction over Plaintiff's Whistleblower Claim.

The Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302, is designed to protect federal employees from agency reprisal for "whistleblowing activity, such as disclosing illegal conduct, gross mismanagement, gross wasting of funds, or actions presenting substantial dangers to health and safety." *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002) (citing 5 U.S.C. § 2302(b)(8)). "The Civil Service Reform Act ("CSRA"), Pub.L. No. 95-454, 92 Stat. 1111, codified in various sections of Title 5 of the United States Code, provides the exclusive set of remedies for claims brought pursuant to the WPA." *Harris v. Bodman*, 538 F. Supp. 2d 78, 82 (D.D.C. 2008), *aff'd,* No. 08-5091, 2008 WL 5532102 (D.C. Cir. Aug. 27, 2008). "[U]nder the CSRA, exhaustion of

administrative remedies is a jurisdictional prerequisite to suit." *Weaver v. United States Information Agency*, 87 F.3d 1429, 1433 (D.C. Cir. 1996). "Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *Stella*, 284 F.3d at 142. There are three steps in the administrative process that must be exhausted to sustain a WPA claim in the District Court:

1. The first step in the exhaustion process requires that an employee who believes she is the victim of unlawful reprisal bring her claim to the Office of Special Counsel ("OSC"), which is the independent federal agency charged with investigating and prosecuting complaints. *Stella*, 284 F.3d at 142; *Weber v. United States*, 209 F.3d 756, 758 (D.C. Cir. 2000).

2. In the event the OSC finds that a prohibited personnel action within the meaning of the WPA was committed, then it must report its findings to the MSPB and can petition the Merit System Protection Board ("MSPB") on the employee's behalf. *Stella*, 284 F.3d at 142; *Weber*, 209 F.3d at 758. If the OSC finds no agency wrongdoing, then the employee may bring an action before the MSPB. *See* 5 U.S.C. §§ 1221, 1214(a)(3); *Stella*, 284 F.3d at 142.

3. If, as is the case here, the employee has a mixed case – that is, a case that alleges a combination of discriminatory conduct (*e.g.*, age and disability discrimination and reprisal due to prior EEO activity and WPA activity) – the plaintiff can choose between either (i) filing a mixed case complaint with the EEOC; or (ii) filing a mixed case appeal directly with the MSPB. *See Hamilton v. Geithner*, 743 F. Supp. 2d 1, 13 (D.D.C. 2010).

While Plaintiff filed an EEO complaint challenging her non-selection, she did so only upon the bases of discrimination and reprisal for prior EEO activity. *See* EEO Complaint, attached hereto as Exhibit 2. She failed to mention a WPA claim. Plaintiff also failed to pursue a WPA claim with the MSPB. Her failure to bring her WPA claim before either forum presents a jurisdictional bar to this Court reviewing this claim, thus, it should be dismissed with prejudice. *See Stella*, 284 F.3d at 142 (noting the bar on the District Court's ability "to entertain a whistleblower cause of action brought directly before it in the first instance.").

### B. Plaintiff's Section 1983 Claim Is Barred By the Doctrine of Sovereign Immunity.

Plaintiff cannot establish that this Court has subject matter jurisdiction nor state a claim against the United States or the Secretary of Defense under 42 U.S.C. §1983 based on the allegations in her Complaint. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212 (1983). This doctrine of sovereign immunity applies to federal agencies. *FDIC v. Meyer,* 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *see also Transohio Sav. Bank v. Director, Office of Thrift Supervision,* 967 F.2d 598, 607 (D.C.Cir.1992). It also extends to a federal official sued in his official capacity. *Jackson v. Donovan,* 844 F. Supp. 2d 74, 75-76 (D.D.C. 2012) (citing *Kentucky v. Graham,* 473 U.S. 159, 165–66 (1985)). Plaintiff bears the burden of establishing that sovereign immunity has been abrogated. *Stone v. Dep't of Treas.,* 859 F. Supp. 2d 53, 57 (D.D.C. 2012).

Plaintiff brings a claim under 42 U.S.C. § 1983, which provides a right of action for constitutional violations. *Jones. v. Delaney,* 610 F. Supp. 2d 46, 50 (D.D.C. 2009). Section 1983 states, in relevant part, that

> [e]very person who under color of any statute, ordinance, regulations, custom, or usage, of any State or … the District of Columbia, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured…

"[T]o state a claim under §1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).

8

"By its terms, however, §1983 does not apply to any federal government entity or to federal officials acting under federal law." *Lyles v. Hughes, et al.*, 83 F. Supp. 3d 315 (D.D.C. 2015) (citing *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005)). Here, Plaintiff has purported to sue the Secretary in his official capacity, which is the equivalent of suing the federal government. *Jackman v. United States*, 604 F. Supp. 2d 84, 89 (D.C.C. 2009) (holding where Plaintiff sued federal official in official capacity, it was equivalent to a suit against the United States) (citing *See Graham*, 473 U.S. at 165-66); *Hill v. Smoot,* Civ. A. No. 17-0681 (RBW), 2018 WL 1542147, *4 (D.D.C. 2018) (holding a suit against a government official in her official capacity is a way of suing the entity of which the official is an agent). Because Section 1983 does not apply to the federal government, Plaintiff's suit is barred by the doctrine of sovereign immunity. *See Stoddard v. Parole Comm'n,* 900 F. Supp. 2d 38, 40-41 (D.D. C. 2012) (holding the court lacked subject matter jurisdiction where plaintiff specifically intended to only sue the U.S. Parole Commission and Congress did not indicate an intent to waive sovereign immunity under §1983 or the Revitalization Act); *Nellis v. Gonzales*, Civ. A. No. 06-1704, 2007 WL 1033517, no. 06-cv-1704 at *2 (D.D.C. 2007) (dismissing §1983 claims where federal officials were sued in their official capacity); *Jackman.*, 604 F. Supp. 2d at 89 (holding plaintiff's §1983 claims failed to state a claim upon which relief could be granted where sued federal officials only in their official capacity).

      **C.**     **Plaintiff's Complaint Fails to Plead a *Bivens* Claim.**

To the extent Plaintiff attempts to assert a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), her claim is also deficient. In order to state a *Bivens* claim, "a plaintiff must plead that each Government-official defendant, through the official's individual action, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

9

In the Complaint, Plaintiff has made it clear that she is suing the Secretary of Defense in his official capacity only. Compl. ¶ 3. Because a suit against the Secretary in his official capacity is tantamount to a suit against the federal government, as stated above, any purported *Bivens* claim against her fails because *Bivens* claims cannot lie against the federal government. *See FDIC v. Meyer,* 510 U.S. at 485-865 (holding that there is no *Bivens* cause of action against the federal government.) Accordingly, any *Bivens* claim must be dismissed.

### D. This District Is An Improper Venue for Plaintiff's Rehabilitation Act Claims.

"Rehabilitation Act claims are subject to the same venue provisions as Title VII claims," *Prescott-Harris v. Fanning*, No. 15-1716 (RC), 2016 WL 7223276, at *6 (D.D.C. Dec. 12, 2016) — *i.e.*, the venue provision in 42 U.S.C. § 2000e-5(f)(3). *Taylor v. Shinseki*, 13 F. Supp. 3d 81, 86 (D.D.C. 2014) (addressing venue for Title VII cases); *see also Slaby v. Holder*, 901 F. Supp. 2d 129, 132 (D.D.C. 2012) ("[T]he proper venue for litigating a Rehabilitation Act claim is determined by the special venue provisions of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(f)(3).") (internal quotation marks omitted).

Under Section 2000e-5(f)(3), a plaintiff may bring an action (i) where "the unlawful employment practice is alleged to have been committed," (ii) where "the employment records relevant to such practice are maintained and administered," or (iii) where "the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). "Only if the defendant is not found within any of these districts can a plaintiff rely on a fourth possible location — 'the judicial district in which the respondent has his principal office.'" *Taylor*, 13 F. Supp. 3d at 86; *see also Slaby*, 901 F. Supp. 2d at 134 ("By its plain terms, this

fourth residual basis for jurisdiction is only available when the defendant cannot be found within any of the districts provided for by the first three bases.") (internal quotation marks omitted).

The District of Columbia fails to meet the above criteria. Indeed, the employment practice Plaintiff challenges – her non-selection – occurred in Ohio. Cornute Decl. ¶¶ 12-13. The employment records related to that selection are in Ohio and Georgia. Cornute Decl. ¶¶ 2, 5 . The position Plaintiff sought was in Hawaii. Compl. 3; Cornute Decl. ¶ 4. Further, DLA's headquarters are in Fort Belvoir, Virginia. Cornute Decl. ¶ 3. Accordingly, this district is not the proper venue for Plaintiff's Rehabilitation Act claims.

### E.     Venue for the ADEA Claims Is Proper In Virginia.

Venue for ADEA claims is not governed by a specific statute but instead falls under the general venue statute. *See In re O'Leska,* Appeal No. 00-5339, 2000 WL 1946653, at *1 (D.C.Cir.2000). Under that statute, venue for an age discrimination claim is proper in the jurisdiction where (1) the defendant resides, (2) a substantial part of the events giving rise to the action arose; or (3) the plaintiff resides. *Id.*; *see also Webster v. Mattis*, 279 F. Supp. 3d 14, 19 (D.D.C. 2017); *Gardner v. Mabus*, 49 F. Supp. 3d 44, 47 (D.D.C. 2014). "Courts have consistently transferred cases that raise [Rehabilitation Act and Title VII discrimination] and ADEA claims to court where venue is proper for [all the] claims." *Webster*, 49 F. Supp. 3d at 19 (transferring case with Title VII and ADEA claims to district where venue for both was proper) (citing as examples *Archuleta v. Sullivan*, 725 F. Supp. 602, 606 (D.D.C. 1989) and *Gardner v. Mabus*, 49 F. Supp. 3d at 47 ("transferring case with Title VII, [Rehabilitation Act,] and ADEA claims to district where venue was proper for [all] claims because 'there is little reason to split Plaintiff's claim' and it is 'in the interest of justice to transfer the entire complaint.'")).

11

While the events giving rise to her claims, *i.e.*, Plaintiff's non-selection, occurred in Ohio, Plaintiff resides in Virginia as evidenced by the mailing address she provided for the Complaint and the address she used on her application for employment. Compl. 4; Cornute Decl. ¶ 10. Further, "Secretary Mattis 'performs a significant amount of his official duties' in both Washington, D.C. and at the Pentagon in Virginia." *Webster*, 279 F. Supp. 3d at 19. Accordingly, Virginia is the only district where venue would be proper for both Plaintiff's Rehabilitation and ADEA claims.

### F.     The Remedy for Improper Venue is Dismissal or Transfer.

28 U.S.C. § 1406(a) directs that when a plaintiff files an action in an improper venue, the court should either "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. *See Ebron v. Dep't of the Army*, 766 F. Supp. 2d 54, 58 (D.D.C. 2011). This Court retains discretion whether to dismiss the action or transfer it to a proper venue. *Id*. In resolving this issue, courts consider whether public and private factors weigh in support of the transfer. *See Webster*, 279 F. Supp. 3d at 19.

> Private interest factors include the parties' choice of forum, where the claim arose, and the convenience of the parties and witnesses. Public interest factors include the transferee's familiarity with the governing laws and the local interest in deciding local controversies at home.

*Id.* (citing *Taylor v. Shinseki*, 13 F. Supp. 3d 81, 89 (D.D.C. 2014)).

Here, the factors weigh in favor of transferring of this case to the Eastern District of Virginia. First, Defendants support transferring the case to Virginia. Second, Plaintiff's Rehabilitation Act claims are properly brought there because that is the location where Defendant's headquarters are found. Third, Plaintiff resides in Virginia. Fourth, the Eastern District of Virginia is familiar with the applicable law. Finally, Virginia has "an interest in handling cases alleging

injuries to [its] residents." *Id.*   Thus, the equities support transferring this case to the Eastern District of Virginia.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's WPA reprisal and Section 1983 claims should be dismissed for lack of subject matter jurisdiction and her Section 983 should also be dismissed for failing to state a claim upon which relief can be given. Finally, her Rehabilitation and ADEA claims should be transferred to a judicial district in Virginia where venue is proper for all of those claims.

       Respectfully Submitted,

       JESSIE K. LIU, D.C. Bar No. 472845
       United States Attorney

       DANIEL F. VANHORN, D.C. Bar No. 924092
       Chief, Civil Division

By: /s/ *Denise M. Clark*
       DENISE M. CLARK, D.C. Bar No. 479149
       Assistant United States Attorney
       555 Fourth Street, N.W.
       Washington, D.C. 20530
       Telephone: 202-252-6605
       Denise.Clark@usdoj.gov

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
**YOLANDA BELL**,                        )
                                                    )
Plaintiff,                                       )
                                                    )
v.                                                )  Civil Action No. 1:18-0738-RC
                                                    )
**UNITED STATES OF AMERICA, *et al.*,**  )
                                                    )
Defendant.                                  )
_____)

**[PROPOSED] ORDER**

Upon consideration of Defendant's Motion to Dismiss, any opposition thereto, any reply, and the entire record therein, Defendant's motion is hereby **GRANTED**. Plaintiff's claims under 42 U.S.C. § 1983 and the Whistleblower Protection Act, 5 U.S.C. § 2302 are dismissed in their entirety. It is further **ORDERED** that Plaintiff's claims under the Rehabilitation Act, 29 U.S.C. § 791 and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 631 *et al.* are transferred to the Eastern District of Virginia.

**SO ORDERED.**

_____                                    _____
Dated                                                                       RUDOLPH CONTRERAS
                                                                                  United States District Judge